

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.
4/4/08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

MEMO ENDORSED

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

Barry K. Myrvold
*Special Federal Litigation*
(212) 788-9391
(212) 788-9776 (fax)
bmyrvold@law.nyc.gov

April 4, 2008

RECEIVED
APR 04 2008
CHAMBERS OF
JUDGE JOHN G. KOELTL

**By Facsimile (212) 805-7912**
Hon. John G. Koetl
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street,
New York, New York 10007

    Re:    <u>Gina Mattivi and Ryan Stango v. City of New York, et al.</u>
            08 CV 2800 (JGK)

Your Honor:

        I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant City of New York in this civil rights action alleging police misconduct. I am writing to respectfully request a sixty-day enlargement of time from April 7, 2008 to June 6, 2008, to respond to the complaint on behalf of the City of New York[1]. In addition, the parties jointly request that the initial conference, now scheduled for June 9, 2008 at 4:30 P.M. be adjourned to a time convenient to the Court on June 23, 2008. Plaintiffs' counsel consents to these requests.

        There are several reasons for seeking an enlargement of time to respond in this matter on behalf of the City In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Here, plaintiffs allege that they were falsely arrested, maliciously prosecuted, subjected to excessive force as a result of an incident that occurred in the vicinity of the 125th Street entrance ramp to the West Side Highway in Manhattan in the late evening of April 10, 2006. Plaintiffs

---

[1] Plaintiffs' counsel advises me that they have served the individually-named defendants, Detective Donald Hook and Sergeant Peter Marsalisi. As of this date, we have not received a request for representation from either officer. Without appearing on their behalf, the City respectfully requests that the same enlargement be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

Honorable John G. Koetl
Mattivi and Stango v. NYC, et al.
April 4, 2008
Page 2

also allege that they were acquitted of all but a reckless endangerment charge after a trial on or about April 4, 2007, and the reckless endangerment charge was dismissed on September 19, 2007. Currently, this office is in the process of forwarding to plaintiffs' counsel for execution a consent and authorization for the release of the records that have been sealed pursuant to N. Y. Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiffs' alleged arrest. This office is also in the process of forwarding to plaintiffs' counsel for execution medical releases which are necessary for our office to obtain the medical records pertaining to plaintiffs' alleged injuries and treatment.

Further, the sixty-day extension is necessary to allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the individual police officer defendants. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, we respectfully request that the City's time to respond to the complaint be enlarged to June 6. In addition, the parties jointly request that the initial conference be adjourned from June 9 to anytime convenient to the Court on June 23 so as to give the parties an opportunity to satisfy their obligation under Fed. R. Civ. P. 26(f) to confer regarding proposed discovery in advance of the initial conference. Also, I am requesting that the initial conference be adjourned as I have a previously scheduled doctors appointment that afternoon. No previous requests for an enlargement of time to respond to the complaint or for an adjournment of the initial conference have been made in this action.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Barry K. Myrvold

cc: Jennifer Blain
Sarah Baumgartel
Spears & Imes, LLP
*Attorneys for Plaintiffs*

**By Facsimile (212) 213-0894**