UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GINA MATTIVI AND RYAN STANGO,

                                      Plaintiffs,

              -against-

THE CITY OF NEW YORK, DETECTIVE DONALD
HOOK, SHIELD NO. 24812, and SERGEANT PETER
MARSALISI, SHIELD NO. 2697,

                                      Defendants.

------------------------------------------------------------------------ x

08 CV 2800 (JGK)

ANSWER

JURY TRIAL DEMANDED

        Defendants City of New York, Police Detective Donald Hook and Police Sergeant Peter Marsalisi, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated March 17, 2008, respectfully state, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs have commenced an action as stated therein.

        2.  Deny knowledge or information sufficient form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

        3.  Deny knowledge or information sufficient form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

        4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs have commenced an action that purports to seek redress as stated therein.

        5.  Deny the allegations set forth in paragraph "5" of the Complaint,

except admit that at about 10:50 P.M. on April 10, 2006 plaintiffs were pulled over by an unmarked car at or near 125th Street and the West Side Highway, that plaintiffs were approached by Hook and Marsalisi who were in plainclothes, that plaintiffs fled onto the West Side Highway, that Hook and Marsalisi pursued plaintiffs and that plaintiffs were arrested, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' thoughts and telephone calls while fleeing.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the disposition of the charges.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiffs have commenced an action that purports to seek relief as stated therein.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiffs have commenced an action as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiffs purport to base venue in this district.

12. State that the allegations set forth in paragraph "12" of the Complaint purport make a demand for a jury trial which does not require a response.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that on or about April 10, 2006, Hook was employed by the City as a Police Officer and was assigned to the 26th Precinct Anti-Crime Unit, admit that Hook has been promoted to the rank of detective, state that the allegations that Hook was "acting in the capacity of agent, servant and employee of Defendant City of New York, and within the scope of his employment" are legal conclusions that do not require a response, and admit that plaintiffs purport to proceed as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that on or about April 10, 2006, Marsalisi was employed by the City as a Police Officer and was assigned to the 26th Precinct Anti-Crime Unit, admit that Marsalisi is sergeant assigned to the 46th Precinct, state that the allegations that Marsalisi was "acting in the capacity of agent, servant and employee of Defendant City of New York, and within the scope of his employment" are legal conclusions that do not require a response, and admit that plaintiffs purport to proceed as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that the City is and was on or about April 10, 2006 a municipal corporation incorporated under the laws of the State of New York, and admit that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiffs to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

18. Deny the allegations set forth in paragraph "18" of the Complaint,

except admit that on or about April 10, 2006, Hook and Marsalisi were employed by the City, and state that the allegations that Hook and Marsalisi "were acting under color of state law and within the scope of their duties and functions as agents, employees, and officers of the City of New York and/or the NYPD" are legal conclusions that do not require a response.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiffs were proceeding in the vicinity of Twelfth Avenue and 125th Street.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiffs were proceeding from the vicinity of Twelfth Avenue and 125th Street to the West Side Highway.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admit that Mattivi stopped when a car with flashing police lights and siren pulled up behind her.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that after Mattivi stopped, two men got out of the unmarked car and approached Mattivi's car on either side, and admit that the two men were not in uniform.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Marsalisi approached Mattivi and asked her for her license and registration.

25. Deny the allegations set forth in paragraph "25" of the Complaint,

except admit that Hook approached Stango's side of the car and asked to see Stango's identification.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mattivi's emotional state and what she heard.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Stango opened the front passenger window slightly and that Hook reached inside the window to unlock the door.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that Mattivi sped away with Hook's arm still inside the car, admit that after the car began fleeing, Stango lowered the window releasing Hook's arm, admit that Hook and Marsalisi began pursuing Mattivi, and deny knowledge or information sufficient to form a belief as the truth of the allegations regarding Mattivi's beliefs.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that a 911 call was made, and respectfully refer to the 911 tape or transcript for a recitation of the conversation.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admit that a 911 call was made, that Mattivi was driving on the West Side Highway, and that Hook and Marsalisi were in pursuit.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admit that a 911 call was made, and respectfully refer to the 911 tape or transcript for a recitation of

the conversation.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except that at or near 29th Street on the West Side Highway Mattivi stopped, and that Marsalisi maneuvered the car to block Mattivi's car from further movement, that Hook ran to Mattivi's side of the car, that other police officers arrived at the scene, and that Mattivi was handcuffed and arrested.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admit that Marsalisi ran to Stango's side of the car, and after removing him frm the car, handcuffed him.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admit that a 911 call was made.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Marsalisi spoke to the 911 operator, and refer to the 911 tape or transcript for a recitation of the conversation.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Stango was arrested.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiffs were transported to the 26th Precinct.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Marsalisi filed an arrest report charging Mattivi with certain crimes

and refer to the arrest report for a recitation of its terms.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that Marsalisi filed an arrest report charging Stango with certain crimes and respectfully refer to the arrest report for a recitation of its terms.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the prosecutor's actions.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except deny knowledge or information sufficient to form a belief as to the contents of the indictment.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint, except admit that Hook is making a claim against plaintiffs' and their insurance carrier for personal injuries, and respectfully refer to the complaint in that action for a recitation of its terms.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that Hook is making a claim against plaintiffs and their insurance carrier for personal injuries, and respectfully refer to the complaint in that action for a recitation of its terms.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that Hook and Marsalisi have been promoted.

62. In response to the allegations set forth in paragraph "62" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this

answer as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. In response to the allegations set forth in paragraph "68" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. In response to the allegations set forth in paragraph "77" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. In response to the allegations set forth in paragraph "88" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. In response to the allegations set forth in paragraph "96" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100.   Deny the allegations set forth in paragraph "100" of the Complaint.

101.   In response to the allegations set forth in paragraph "101" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

102.   Deny the allegations set forth in paragraph "102" of the Complaint.

103.   Deny the allegations set forth in paragraph "103" of the Complaint.

104.   Deny the allegations set forth in paragraph "104" of the Complaint.

105.   Deny the allegations set forth in paragraph "105" of the Complaint.

106.   Deny the allegations set forth in paragraph "106" of the Complaint.

107.   Deny the allegations set forth in paragraph "107" of the Complaint.

108.   Deny the allegations set forth in paragraph "108" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

109.  The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

110.  Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

111.  At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

112.  Plaintiffs provoked or were at fault for the incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

113.  Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

114.  There was reasonable suspicion and/or probable cause to

arrest, detain and prosecute plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

115. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

116. Defendants Hook and Marsalisi have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

117. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiffs' failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

118. At all times relevant to the acts alleged in the Complaint, defendants Hook and Marsalisi acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

119. Plaintiffs' state law claims are barred in whole or in part under the statutes of limitations.

WHEREFORE, defendants City of New York, Police Detective Donald Hook and Police Sergeant Peter Marsalisi demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and

further relief as the Court may deem just and proper.

DATED:   New York, New York
             July 7, 2008

                                            Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
CITY OF NEW YORK, DONALD HOOK
and PETER MARSALISI
100 Church Street, Room 3-162
New York, New York  10007
(212) 788-9391
bmyrvold@law.nyc.gov


By:  /s/  Barry Myrvold

<u>By ECF To:</u>
J. Ellen Blain
Sarah Baumgartel
David Spears
Spears & Imes, LLP
*Attorneys for Plaintiffs*
51 Madison Ave.
New York, New York 10010
(212) 213-6996